UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVIN COTTON, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:11 CV 1455 RWS |
| | ) |
| TERRY RUSSELL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Marvin Cotton, Sr. seeks a writ of habeas corpus. In his Petition Cotton alleges five grounds for relief. I referred this matter to United States Magistrate Judge Noelle C. Collins for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On August 4, 2014, Judge Collins filed her recommendation that Cotton's habeas petition should be denied.

Cotton timely filed objections to the Report and Recommendation. I have conducted a de novo review of all matters relevant to the petition. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Collins and I will deny Cotton's habeas petition.

*Background*

On May 7, 2008, a jury found Cotton guilty of forcible rape, forcible sodomy, and kidnapping. The convictions stemmed from an incident that had occurred more than eight years earlier. The trial court sentenced Cotton, as a prior and persistent offender, to a term of life imprisonment for forcible rape, a consecutive term of twenty-five years in prison for forcible sodomy, and a consecutive term of twenty years for kidnapping.

Following an unsuccessful direct appeal, Cotton filed a pro se post-conviction relief motion pursuant to Missouri Rule 29.15, asserting six grounds for relief. Counsel was appointed. Appointed counsel filed an amended motion, alleging as the sole claim that Cotton's trial counsel was ineffective for failing to raise a defense to the kidnapping charge based on the statute of limitations. On January 3, 2011, the state court granted Cotton's amended post-conviction relief motion and vacated his kidnapping sentence and conviction, leaving his sentences for forcible rape and forcible sodomy unchanged. There was no appeal to the state motion court's ruling.

On August 18, 2011, Cotton filed this § 2254 Petition, in which he claims: (1) he received ineffective assistance of counsel because trial counsel failed to raise a statute of limitations defense for the kidnapping charge at trial; (2) he received ineffective assistance of counsel because trial counsel "ignored evidence that Petitioner and the alleged victim engaged in a consensual sexual relationship which resulted in the victim's being allowed to testify without challenge that Petitioner committed the charged of[f]enses against her"; (3) he received ineffective assistance of counsel because trial counsel failed to obtain the victim's prior arrest or conviction records for purposes of impeaching her; (4) he received ineffective assistance of counsel because trial counsel failed to investigate the crime scene and the victim's clothing to determine whether it was possible for the crime to have occurred the way the victim alleged; and (5) he received ineffective assistance of counsel because trial counsel failed to question the victim about the information Petitioner disclosed to her.

*Ground 1*

In her report and recommendation, Judge Collins concluded that Ground 1 is moot because the motion court already granted relief by vacating Cotton's kidnapping conviction and sentence. Cotton argues that Ground 1 is not moot because he did not receive the *type* of relief

2

he sought: a new trial on all of his charges. In his objections, Cotton argues for the first time that a new trial is warranted because the inclusion of the kidnapping charge at trial allowed otherwise inadmissible evidence to be presented to the jury, which prejudiced the outcome of his entire case. Cotton also alleges that the inclusion of the kidnapping charge at trial somehow removed from the jury's consideration whether he and the victim had consensual sex. Even if Cotton had properly raised this argument in his habeas petition – which he did not – it would still be denied as procedurally defaulted since it was not raised on appeal.[1] As Cotton offers no grounds to excuse the procedural default of this alleged claim, it is procedurally barred and does not entitle him to any relief. Furthermore, Cotton's argument that the inclusion of the kidnapping charge prejudiced his entire trial is unsupported. As a result, I am overruling Cotton's objection.

*Grounds 2 through 5*

In her report and recommendation, Judge Collins correctly determined that Grounds 2 through 5 of Cotton's habeas petition, which raise ineffectiveness of trial counsel claims, were procedurally defaulted because Cotton did not raise them in his amended motion for post-conviction relief, nor did he raise them on appeal from the motion court's ruling. Judge Collins also correctly concluded that Cotton has failed to demonstrate cause or manifest injustice sufficient to overcome the procedural default.

---

[1] A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994). Cotton did not appeal the motion court's order vacating the kidnapping conviction and sentence. When appellate court review of a post-conviction motion is available, as it was in Cotton's case, failure to assert a claim in an appeal operates as a procedural bar to consideration of such a claim by the federal courts. Flieger v. Delo, 16 F.3d 878, 885 (1996). Furthermore, for a claim to be fairly presented to state court, a habeas petitioner must assert the same factual grounds and legal theories in the state court proceeding as he asserts in his federal habeas petition. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996). In state court, as in the instant habeas petition, Cotton never alleged that the inclusion of the kidnapping charge at trial prejudiced the entire trial, and he never requested the relief he seeks now.

3

In his objections, Cotton argues for the first time that his post-conviction appellate counsel was ineffective for failing to include Grounds 2 through 5 in his amended motion for post-conviction relief, and that this ineffectiveness cures his procedural default under <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012). In <u>Martinez</u>, the United States Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding . . . counsel in that proceeding was ineffective.

132 S.Ct. at 1320. The rule announced in <u>Martinez</u>, however, does not apply in cases such as this one, where the default is not limited to the initial-review collateral proceeding. <u>Id.</u> at 1320 (noting that its holding "does not concern attorney errors in . . . appeals from initial-review collateral proceedings"). Furthermore, even if <u>Martinez</u> did apply here, Grounds 2 through 5 would still fail because Cotton has not established that initial post-conviction counsel was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

*Conclusion*

I agree with Judge Collins' recommendation that Cotton's petition for habeas relief should be denied. Cotton's objections are overruled, and I adopt and sustain Judge Collins' thorough reasoning in her Report and Recommendation.

I have also considered whether to issue a certificate of appealability based on the claims raised in Cotton's habeas petition. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable

4

among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Cotton has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Marvin Cotton, Sr.'s Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2014.